# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 19-1227V
### UNPUBLISHED

|  |  |
|---|---|
| BERTHA SMITH *on behalf of her deceased husband* DONALD SMITH, | Chief Special Master Corcoran |
| Petitioner, | Filed: July 30, 2020 |
| v. | Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Michael Avrim Firestone, Marvin Firestone, MD, JD and Associates, San Mateo, CA, for petitioner.*

*Sarah Christina Duncan, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

On August 16, 2019, Bertha Smith filed a petition on behalf of her deceased husband, Donald Smith, for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Ms. Smith alleges that Donald Smith "suffered the 'Table Injury' known as Guillain-Barré Syndrome" (GBS) as a result of an influenza vaccination received on September 28, 2017, and that Mr. Smith passed away due to complications of GBS on January 18, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On July 16, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On July 28, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded **$471,690.55**, consisting of "$250,000.00 for the death benefit; $200,000.00 for pain and suffering; and $21,690.55 for unreimbursed expenses." Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $471,690.55**, **in the form of a check payable to Petitioner, as the legal representative of the decedent's estate.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

|  |  |
|---|---|
| BERTHA SMITH, on behalf of her Deceased Husband, DONALD SMITH, | ) ) ) ) |
| Petitioner, | ) No. 19-1227V ) Chief Special Master Corcoran |
| v. | ) ECF ) |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) |
| Respondent. | ) ) |

## PROFFER ON AWARD OF COMPENSATION

On August 16, 2019, Bertha Smith ("petitioner") filed a petition for compensation under

the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act"

or "Act"), as amended, on behalf of her deceased husband, Donald Smith ("decedent").

Petitioner alleged that the decedent suffered Guillain-Barré syndrome ("GBS"), a "Table Injury,"

as a result of an influenza ("flu") vaccine administered to him on September 27, 2017, and that

the decedent passed away due to complications of GBS on January 18, 2018.  Petition at 1.  On

January 17, 2020, petitioner filed an amended petition to correct the vaccination date to

September 28, 2017.

On July 15, 2020, respondent filed his Rule 4(c) report, conceding that the decedent's

injury meets the Table criteria for GBS after a flu vaccination, and the following day, the Chief

Special Master ruled that petitioner was entitled to compensation.  ECF Nos. 21, 22.

## I.     Items of Compensation

Based upon the evidence, respondent proffers that petitioner should be awarded a lump

sum of **$471,690.55** ($250,000.00 for the death benefit; $200,000.00 for pain and suffering; and

$21,690.55 for unreimbursed expenses).  This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.     Form of the Award

Respondent recommends that compensation be awarded to petitioner in the amount of **$471,690.55**, in the form of a check payable to petitioner, as the legal representative of the decedent's estate.[1]  Petitioner agrees.

Respectfully submitted,

ETHAN P. DAVIS
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

s/ Sarah C. Duncan
SARAH C. DUNCAN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 514-9729
Fax:  (202) 616-4310

DATED:  July 28, 2020

---

[1] Before payment on a judgment can be made in this case, respondent will require petitioner to provide documentation establishing her appointment as legal representatives of the decedent's estate.  If petitioner is not authorized by a court of competent jurisdiction to serve as the legal representative of the decedent's estate, then such payment on any judgment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the decedent's estate.